# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**JEAN W.,[1]**

      **Plaintiff,**

                                        **Case No. 1:22-cv-6581**

    **v.**                                   **Magistrate Judge Norah McCann King**

**MICHELLE KING,[2]**
**Acting Commissioner of Social Security,**

      **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Jean W. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision denying those applications. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Michelle King, the current Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

## I.    PROCEDURAL HISTORY

On April 19, 2020, Plaintiff filed applications for disability insurance benefits and

supplemental security income, alleging that he has been disabled since October 24, 2017. R. 54,

65, 75, 80, 180–202. The applications were denied initially and upon reconsideration. R. 83–98,

101–08. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 109–

10. ALJ Donna Krappa held a hearing on July 28, 2021, at which Plaintiff, who was represented

by counsel, testified, as did a vocational expert. R.33–53. In a decision dated November 1, 2021,

the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act

from October 24, 2017, Plaintiff's alleged disability onset date, through the date of that decision.

R. 15–28. That decision became final when the Appeals Council declined review on September

26, 2022. R. 3–9. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On

April 4, 2023, Plaintiff consented to disposition of the matter by a United States Magistrate

Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF

No. 13.[3] On May 8, 2023, the case was reassigned to the undersigned. ECF No. 14. The matter is

ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the

authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204

F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases
seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot
Project (D.N.J. Apr. 2, 2018).

Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of

social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a

4

comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016).

## B.    Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc.*

*Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the

plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff met the insured status requirements for disability insurance benefits through December 31, 2019. R. 18. He was 49 years old on October 24, 2017, his alleged disability onset date. R. 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 18.

At step two, the ALJ found that Plaintiff's disorder of the back and disorder of the right knee were severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 18–19.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 19–25. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a laborer/stores and package handler. R. 25.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g*., jobs as a marker, a routing clerk, and a mail clerk—existed in the national economy and could be performed by Plaintiff despite his lessened capacity. R. 26–27. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from October 24, 2017, his alleged disability onset date, through the date of the decision. R. 27.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision be reversed and remanded for further proceedings. *Plaintiff's Opening Brief,* ECF No. 12;

*Plaintiff's Reply Brief*, ECF No. 18. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief*, ECF No. 17.

## IV.    SUMMARY OF RELELVANT MEDICAL EVIDENCE

On July 7, 2021, Edward Nekvapil, DNP, FNP-BC, reviewed Plaintiff's medical records and issued a medical source statement. R. 432–34. Nurse Nekvapil diagnosed Plaintiff with chronic pain of the right shoulder, bilateral wrists, right hip, and bilateral knees; spinal stenosis of the cervical and lumbar spine with disc herniations and nerve compression; manual vacuum aspiration with neck and back pain; and kyphosis and abnormal gait with diminished reflexes. R. 432–33 (citations to the medical record omitted). As a result, Nurse Nekvapil explained, Plaintiff was functionally limited:

> *The diagnostic studies and exam findings are consistent with [Plaintiff's] subjective complaints and are consistent with and support my opinion that the claimant be limited to a sedentary level of functioning.* The claimant has degenerative disease in his cervical and lumbar spine with stenosis and disc bulging/compression (1f, p. 15-16). Pain is experienced in the right shoulder, bilateral wrist, right hip, bilateral knee (2f, p. 19). The claimant also is noted to have kyphosis (posture is forward instead of upright) and experiences an abnormal gait with diminished reflexes (5f, p. 42). Increased lifting of weight would increase pressure on the disc space and nerve roots consistent with his complaints of pain. *Limiting the claimant to lifting/carrying no more than 10 pounds occasionally and less than 10 pounds frequently; can stand/walk 2 hours total in an 8 hour workday; only occasionally perform postural activities*, will help alleviate spinal pain in the lower extremities to preserve the functioning level the claimant is maintained at currently. The claimant is experiencing a degeneration in his spine which is progressive with decompensation of functioning expected.
>
> This opinion is based upon my review of the medical records contained in the Social Security file of [Plaintiff] that has provided me with knowledge of the patient's medical history, clinical and laboratory findings, diagnoses, prescribed treatment, side-effects of medications, response to treatment, and my training, education, and work experience.

R. 434 (emphasis added).

## V.    DISCUSSION

The ALJ determined that Plaintiff had the RFC to perform a limited range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, he is able to: lift/carry 20 lbs. occasionally and 10 lbs. frequently; stand/walk for 6 hours in an eight hour work day; sit for 6 hours in an eight hour work day; and perform unlimited pushing and pulling within the weight restriction given. Moreover, regarding the postural and environmental demands of work, I find that the claimant is able to perform jobs: that require no use of ladders, ropes, or scaffolds; that require only occasional use of ramps or stairs; and that require occasional balancing, stooping, kneeling, crouching, and no crawling.

R. 19. In reaching this determination, the ALJ found Nurse Nekvapil's opinion "only partially persuasive":

> As for the opinion evidence--Edward Nekvapil, DNP, FNP-BC, issued a medical source statement in July 2021. DNP Nekvapil determined the claimant was limited to work at the sedentary level of functioning, due to abnormal gait as well as increased pain with heavy lifting. The doctor [sic] explained that the increased lifting of weight would increase pressure on the disk space and nerve roots consistent with his complaints of pain. It was determined the claimant should lift/carry no more than 10 pounds occasionally and less than 10 pounds frequently, stand/walk two hours in total in an eight hour workday, and only occasionally perform postural activities. It was noted the claimant's condition was degenerative and progressive, with decompensation of functioning expected (Exhibit 6F).

> I find the limitation to sedentary work is not supported by the record as examinations consistently indicate the claimant maintained a normal gait. While the claimant reported right knee weakness with buckling in January 2018, subsequent surgery in July 2018 improved this condition, with subsequent examinations indicating intact coordination and gait. Additionally, the limitation to lifting/carrying 10 pounds at most, is contradicted by the claimant's testimony at the hearing where he suggested he would be able to lift/carry about 2 gallons of milk (approximately 17 lbs.). *The limitation to occasional postural activities is supported by the record due to reduced ranges of motion and reports of pain, and I have adopted such limitations.* Ultimately, the findings of DNP Nekvapil are only partially persuasive as discussed.

R. 25 (emphasis added).

9

Plaintiff argues that the ALJ failed to properly consider Nurse Nekvapil's opinion, resulting in a flawed RFC determination. *Plaintiff's Opening Brief*, ECF No. 12, pp. 8–16; *Plaintiff's Reply Brief*, ECF No. 18, pp. 1–3. For the reasons that follow, this Court agrees.

A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In addition, for claims filed after March 27, 2017,[4] the Commissioner's regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. §§ 404.1527, 416.927 *with* 20 C.F.R. §§ 404.1520c(a), 416.927c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior

---

[4] As previously noted, Plaintiff's claims were filed on April 19, 2020.

10

administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The applicable regulations emphasize that "the most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id*. at §§ 404.1520c(a), 416.920c(a). As to the supportability factor, the regulation provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. at §§ 404.1520c(c)(1), 416.920c(c)(1).  As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. at §§ 404.1520c(c)(2), 416.920c(c)(2). The applicable regulations further require the ALJ to articulate her "consideration of medical opinions and prior administrative medical findings" and articulate in the "determination or decision how persuasive [she] find[s] all of the medical opinions and all of the prior

11

administrative medical findings in [the claimant's] case record." *Id*. at §§ 404.1520c(b), 416.920c(b). As previously noted, "[s]upportability and consistency are the most important factors. . . . ALJs need not explain their determinations regarding the other factors, but they must discuss supportability and consistency." *Gongon v. Kijakazi*, 676 F. Supp. 3d 383, 394 (E.D. Pa. 2023) (citations omitted); *see also Stamm v. Kijakazi*, 577 F. Supp. 3d 358, 370 (M.D. Pa. 2021) ("Generally, the ALJ may, but is not required to, explain his or her consideration of the other factors, but if there are two equally persuasive medical opinions about the same issue that are not exactly the same, then the ALJ must explain how he or she considered the other factors.").

In challenging the ALJ's consideration of Nurse Nekvapil's opinion, Plaintiff argues that the ALJ did not properly consider the factors of supportability and consistency. *Plaintiff's Opening Brief*, ECF No. 12, pp. 10–16; *Plaintiff's Reply Brief*, ECF No. 18, pp. 1–3. Plaintiff specifically argues, *inter alia*, that the ALJ was inconsistent in finding that, although Plaintiff's reduced ranges of motion and reports of pain supported Nurse Nekvapil's opined limitation to occasional postural activities, these findings did not support this practitioner's other opined limitations, including, *inter alia*, the lifting/carrying limitation. *Id*. at 14–15; *Plaintiff's Reply Brief*, ECF No. 18, p. 3. Plaintiff contends that the ALJ's error in this regard is not harmless because he would have been found disabled under the grids if the ALJ had adopted Nurse Nekvapil's opined limitations. *Plaintiff's Opening Brief*, ECF No. 12, p. 15.

This Court agrees that the ALJ inconsistently credited findings of reduced ranges of motion and Plaintiff's subjective reports of pain when considering Nurse Nekvapil's opinion and crafting Plaintiff's RFC. R. 25 ("The limitation to occasional postural activities [opined by Nurse Nekvapil] is supported by the record due to reduced ranges of motion and reports of pain, and I have adopted such limitations."). Specifically, as Plaintiff points out, the ALJ expressly credited

these factors as supporting this provider's opinion limiting Plaintiff to occasional postural
activities, but the ALJ did not explain why those same range of motion limitations and subjective
pain complaints did not also support Nurse Nekvapil's lift/carry and stand/walk limitations. R.
25. Significantly, the ALJ expressly noted at step four that Plaintiff had reduced ranges of
motion—as well as spasms or pain—in, *inter alia*, his shoulders, cervical spine, and lumbar
spine. R. 21–24. Based on this record and absent some explanation by the ALJ, the Court is
unable to follow the ALJ's reasoning why reduced ranges of motion and pain complaints support
some of Nurse Nekvapil's opined limitations, but not other opined limitations. *See Erica S. v.
Comm'r of Soc. Sec. Admin*., No. CV 20-6175, 2022 WL 1269788, at *6 (D.N.J. Apr. 28, 2022)
("'[T]he [C]ourt has to be able to trace the path of the ALJ's reasoning from evidence to
conclusion.'") (citations omitted); *Sanford v. Comm'r of Soc. Sec*., No. CIV. 13-0366 NLH, 2014
WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the
Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v.
Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

      Nor can the Court conclude that this error is harmless. For example, if accepted, this
opinion may establish that Plaintiff is limited to only sedentary work, R. 434, a limitation that
may qualify Plaintiff for disability under the Medical-Vocational Guidelines. *See* 20 C.F.R. §§
404.1563(d) ("Person closely approaching advanced age. If you are closely approaching
advanced age (age 50–54), we will consider that your age along with a severe impairment(s) and
limited work experience may seriously affect your ability to adjust to other work."), 416.963(d)
(same); 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.12; *Dunn v. Kijakazi*, No. 1:21-CV-91, 2022
WL 17584231, at *12 (M.D. Pa. Dec. 12, 2022)  ("Under these Medical Vocational guidelines, if
[the claimant]—a person who is closely approaching advanced age—was found to be able to

only undertake sedentary work, the grids may have mandated a finding that he was disabled. . . . When apparent internal inconsistencies in an ALJ's residual functional capacity assessment may have an outcome determinative impact upon a social security determination under the Medical Vocational Guideline grids, courts recognize that a remand to clarify these inconsistencies is often necessary.") (citing, *inter alia*, 20 C.F.R., Part 404, Subpart P, App. 2, § 201.12); *Cota v. Kijakazi*, No. 4:21-CV-672, 2022 WL 3686593, at *7 (M.D. Pa. Aug. 25, 2022) (finding that ALJ's errors were not harmless where, if the opinion was accepted and the claimant was likely limited to sedentary work, he would be found disabled under grid rule 201.12); *Dieter v. Saul*, No. 1:19-CV-1081, 2020 WL 2839087, at *9 (M.D. Pa. June 1, 2020).

This Court therefore concludes that remand of the matter for further consideration is appropriate.[5] Moreover, remand is appropriate even if, upon further examination of the evidence and consideration of the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error.

---

[5] Plaintiff asserts other errors in the final decision. Because the Court concludes that the matter must be remanded for further consideration of the RFC and Nurse Nekvapil's opinion, the Court does not consider those assertions.

Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## VI.    CONCLUSION

For these reasons, the Court **REVERSES** the Acting Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  February 13, 2025                           *s/Norah McCann King*
                                                   NORAH McCANN KING
                                                   UNITED STATES MAGISTRATE JUDGE